UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LINDA SUSAN LOUGHLIN, | No. 2:21-cv-00539-WBS-AC |
| Plaintiff, | |
| v. | ORDER RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT |
| KAISER FOUNDATION HOSPITALS; THE PERMANENTE GROUP, INC.; and DOES 3-25, INCLUSIVE, | |
| Defendants. | |

----oo0oo----

Plaintiff Linda Susan Loughlin brought this action against Kaiser Foundation Hospitals, The Permanente Group, Inc., and unnamed Doe defendants 3-25 (collectively "Kaiser" or "defendants") seeking damages on various state law claims arising out of her former employment with Kaiser. In essence, plaintiff claims that defendants are liable for various respiratory conditions and injuries she suffered because defendants allegedly maintained an unsanitary and unsafe workplace. Defendants now move to dismiss plaintiff's complaint in its entirety for failure

1

to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (See Mot. to Dismiss ("Mot.") (Docket No. 14-1).)

I.   Factual and Procedural Background

Plaintiff is a Virginia resident who worked for Kaiser in Sacramento County until 2015.  (See First Amended Complaint ("FAC") at ¶¶ 1*, 5*, 23-24[1] (Docket No. 5).)  Kaiser, a California corporation, operates a medical facility located at 3200 Arden Way in Sacramento.  (Id. at ¶¶ 3*, 5*.)

Plaintiff worked for Kaiser as a Registered Nurse for more than twenty years.  (Id. at ¶¶ 1-2.)  In 1997, she was diagnosed with a chronic respiratory condition that caused her to become allergic and particularly sensitive to strong scents, volatile organic compounds, and smoke.  (Id. at ¶ 4.)  Her physician confirmed this diagnosis in October 2010, noting that she would likely suffer from the condition for life.  (Id. at ¶ 6.)

Because of her condition, exposure to these allergens severely impacts her breathing, causing her to become debilitated and unable to continue to work.  (Id.)  Plaintiff alleges that, beginning in 1999, she repeatedly informed defendants about her condition and sensitivity, and that in December 2011 she informed them via letter of her concerns regarding strong smells and a

---

[1] The First Amended Complaint includes sections titled "Parties" and "Jurisdiction and Venue," with sequentially numbered paragraphs beginning at 1, followed by a section titled "Factual Allegations," at which point the paragraphs' numbering begins at 1 anew.  (See FAC (Docket No. 5).)  For clarity, any references in this order to the first group of paragraphs in the First Amended Complaint are denoted with an asterisk ("*").

2

lack of cleanliness in the facility in which she worked, of which a manager confirmed receipt. (Id. at ¶¶ 5, 7.)  She also alleges that defendants assured her that there was no possibility of asbestos exposure in the building and represented that the premises did not contain toxic mold.  (See id. at ¶¶ 22, 93.)

Plaintiff alleges that from December 2011 until leaving defendants' employ in 2015, she repeatedly notified defendants about concerns she had relating to strong scents and cleanliness issues in the facility, including the presence of air fresheners, perfume, cologne, and bleach, which on numerous occasions triggered reactive respiratory episodes.  (See id. at ¶¶ 8-20.) These episodes frequently caused her to leave early or miss work, including through use of family leave.  (See id.)  Although plaintiff requested transfer to another Kaiser facility pursuant to her physician's advice, her manager informed her that she was ineligible for transfer because she would require re-training. (See id. at ¶ 16.)  Plaintiff alleges that she ultimately ended her employment with Kaiser because the scents and allergens in defendants' facility were causing her respiratory condition to worsen.  (See id. at ¶ 24.)

Plaintiff alleges that, between February and May 2015, she collected dust samples from defendants' premises, which a laboratory analysis revealed contained trace amounts of several types of toxic mold.  (See id. at ¶ 21.)  A 2017 visit to her physician revealed that she was allergic to these and other types of toxic mold, and that she had spots on her right lung and thyroid nodules, which were likely caused by prolonged exposure to these substances.  (See id. at ¶¶ 28-29.)  She has also been

1  diagnosed with reactive airway disease, moderate to severe
2  asthma, and low oxygen saturation.  (See id. at ¶¶ 31, 34, 36.)
3  She further alleges that she recently obtained an internal email
4  from 2015, noting that a sign had been placed on the door of the
5  premises break room that read, "Danger, Asbestos, Dust Hazard,
6  Cancer and Lung Disease Hazard, Authorized Personnel Only."  (See
7  id. at ¶ 37.)  She also alleges that she subsequently learned
8  asbestos had been present in the glue in the break room while she
9  was employed by Kaiser.  (See id. at ¶ 38.)
10          On March 24, 2021, plaintiff filed the instant action
11  in this court.  (See Docket No. 1.)  She filed the First Amended
12  Complaint on June 30, 2021, (see Docket No. 5), and defendants
13  moved to dismiss on September 6, 2021, (see Docket No. 14).
14  II.  Legal Standard
15          Federal Rule of Civil Procedure 12(b)(6) allows for
16  dismissal when the plaintiff's complaint fails to state a claim
17  upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).
18  "A Rule 12(b)(6) motion tests the legal sufficiency of a claim."
19  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding
20  such a motion, all material allegations of the complaint are
21  accepted as true, as well as all reasonable inferences to be
22  drawn from them.  Id.
23          Dismissal is proper where a complaint fails to allege
24  "sufficient facts . . . to support a cognizable legal theory,"
25  id., or to state "a claim to relief that is plausible on its
26  face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A
27  claim has facial plausibility when the plaintiff pleads factual
28  content that allows the court to draw the reasonable inference

1  that the defendant is liable for the misconduct alleged."
2  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
3            In actions alleging fraud, "the circumstances
4  constituting fraud or mistake shall be stated with
5  particularity."  Fed. R. Civ. P. 9(b).  "To comply with Rule
6  9(b), allegations of fraud must be specific enough to give
7  defendants notice of the particular misconduct which is alleged
8  to constitute the fraud charged so that they can defend against
9  the charge and not just deny that they have done anything wrong."
10 Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)
11 (internal quotation marks and citation omitted).
12 III. Defendants' Motion
13           In their motion, defendants seek dismissal of all ten
14 claims alleged in plaintiff's First Amended Complaint: negligence
15 (count one), premises liability (count two), tortious
16 constructive discharge (count three), breach of covenant of good
17 faith and fair dealing (count four), negligent hire and retention
18 (count five), unsafe conditions (count six), negligent infliction
19 of emotional distress (count seven), fraudulent misrepresentation
20 (count eight), fraudulent concealment (count nine), and loss of
21 consortium (count ten).  (See Mot. (Docket No. 14-1); FAC (Docket
22 No. 5).)  At the outset, the court notes that in her opposition
23 brief, plaintiff states that she "agrees to dismiss" counts
24 three, four, and ten from the First Amended Complaint.  (See Opp.
25 to Mot. at 13, 19 (Docket No. 18).)  Accordingly, the court will
26 grant defendants' motion to dismiss to the extent that it seeks
27 dismissal of those claims.
28           Defendants argue that plaintiff's remaining claims must

be dismissed because (1) the applicable statutes of limitations have all expired, (2) they are preempted by California's worker's compensation laws, and (3) plaintiff has failed to plead her fraud claims (counts eight and nine) with the required specificity.  (See Mot. (Docket No. 14-1).)

"An employee injured during the course of employment is generally limited to remedies available under the Workers' Compensation Act."  Jensen v. Amgen, Inc., 105 Cal. App. 4th 1322, 1325 (2d Dist. 2003) (citing Foster v. Xerox Corp., 40 Cal. 3d 306, 308 (1985)); see also Hughes Aircraft Co. v. Super. Ct., 44 Cal. App. 4th 1790, 1792 (4th Dist. 1996) (compensation provided under Act "is the exclusive remedy for work-related injuries").  Section 3602 of the California Labor Code, which codifies the Act in part, provides that workers' compensation is "the sole and exclusive remedy of the employee . . . against the employer" where conditions listed in section 3600 are met, except where certain statutory exceptions apply.  Cal. Lab. Code § 3602(a); see also Foster, 40 Cal. 3d at 308 ("An employee who suffers an injury in the course of his employment may recover damages in an action at law only if he comes within certain exceptions to the workers' compensation law.") (citations omitted).

Plaintiff does not dispute that the conditions listed in section 3600 are met in this case.  However, she argues that one of the statutory exceptions, provided by Labor Code section 3602(b)(2), applies.  (See Opp. to Mot. at 19-23 (Docket No. 18).)  Under that section, "[a]n employee . . . may bring an action at law for damages against [her] employer . . . . [w]here

the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation."  Cal. Lab. Code § 3602(b)(2).[2]

Accordingly, to survive a motion to dismiss, a plaintiff pursuing such a claim must "plead facts that[,] if found true by the trier of fact, establish th[at] . . . : (1) the employer knew that the plaintiff had suffered a work-related injury; (2) the employer concealed that knowledge from the plaintiff; and (3) the injury was aggravated as a result of such concealment."  Palesteni v. Gen. Dynamics Corp., 99 Cal. App. 4th 80, 89-90 (4th Dist. 2002) (citing Foster, 40 Cal. 3d at 312).  Although "affirmative misrepresentations are not required," Foster, 40 Cal. 3d at 309, the employer must have "actual knowledge" of the injury that it conceals from the employee -- "neither constructive nor imputed knowledge is sufficient," Hughes Aircraft Co., 44 Cal. App. 4th at 1796 (citing Foster, 40 Cal. 3d at 312; Santiago v. Firestone Tire & Rubber Co., 224 Cal.

---

[2] Plaintiff does not contend that any exceptions apply other than that provided by section 3602(b)(2).  (See Opp. to Mot. (Docket No. 18).)  Because, apart from these exceptions, workers' compensation "is . . . the sole and exclusive remedy of the employee . . . against the employer," Cal. Lab. Code. § 3602(a), the tort claims plaintiff may pursue are limited to her fraudulent concealment cause of action under that section.  As such, the remaining claims in the First Amended Complaint -- those presented in counts one, two, five, six, seven, and eight -- must be dismissed.  Therefore, the court will grant defendants' motion, to the extent that it seeks dismissal of those claims.

7

App. 3d 1318, 1331, 1335 (1st Dist. 1990)) (emphasis omitted).[3]

Further, "[i]n federal court, [Federal Rule of Civil Procedure] 9(b) requires that facts showing fraudulent concealment, like other fraud claims, be pled with specificity." Rodriguez v. United Airlines, Inc., 5 F. Supp. 3d 1131, 1136 (N.D. Cal. 2013). In claims brought under section 3602(b)(2), this heightened pleading standard applies to each element of the cause of action, including "the key allegation of [a defendant]'s knowledge of the alleged injuries" and the defendant's concealment thereof. See id. at 1139.

Construing the First Amended Complaint so as to draw all reasonable inferences in plaintiff's favor, plaintiff alleges (1) that defendants knew of and concealed the presence of asbestos, various forms of toxic mold, "and harsh chemicals and smells" on the premises; (2) that her long-term and chronic exposure to these substances substantially contributed to her respiratory problems, resulting in spots on her right lung, thyroid nodules, and low oxygen saturation; and (3) that she

---

[3] It bears noting that the standard for section 3602(b)(2)'s fraudulent concealment exception is somewhat narrower than the general cause of action for fraudulent concealment available under California law. The latter requires that "(1) the defendant concealed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant concealed or suppressed the fact with an intent to defraud; (4) the plaintiff was unaware of the fact and would have acted if he or she had known about it; and (5) the concealment caused the plaintiff to sustain damage." Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1156 n.3 (9th Cir. 2000) (citations omitted). Unlike that cause of action, which simply requires concealment of "a material fact," section 3602(b)(2) specifies that the concealed facts must include "the existence of the [plaintiff's] injury and its connection with the employment." Cal. Lab. Code § 3602(b)(2).

would have ceased to return to the premises, preventing these conditions from developing, had defendants disclosed the presence of the aforementioned substances. (See FAC at ¶¶ 28-29, 36-38, 100-107 (Docket No. 5).)

Critically, however, plaintiff fails to allege that defendants were aware of her injuries and their connection to her employment but concealed such information from her, elements that she is required to plead in order to state a claim under section 3602(b)(2). See Foster, 40 Cal. 3d at 312 (complaint stated claim under section 3602(b)(2) in part because it alleged "defendant knew plaintiff had contracted arsenic poisoning from his employment and concealed that knowledge from him"); Palesteni, 99 Cal. App. 4th at 94 (complaint stated claim where it alleged defendants "concealed their knowledge that [plaintiff] was chronically overexposed at work to carcinogenic chemicals and as a result of that exposure he was being injured by those chemicals"); Rodriguez, 5 F. Supp. 3d at 1139 (no claim stated where complaint alleged employer learned of injuries from plaintiffs themselves, such that employer could not have concealed their existence from plaintiffs); see also Hughes Aircraft Co., 44 Cal. App. 4th at 1797 (granting summary judgment for defendants where plaintiff failed to show defendants knew about his injuries, and stating that employer's "prior knowledge of its unsafe work environment and the potential risks to employees . . . would be insufficient to establish section 3602[(b)(2)] liability").

Although plaintiff alleges that defendants knew of and concealed the presence of the alleged harmful substances, she

does not allege that defendants were aware the substances were injuring her and concealed that information as well -- and certainly not with the specificity required to state a claim for fraud under Rule 9(b).

In her opposition, plaintiff argues that defendants, upon discovering asbestos and other toxic or hazardous materials in the building, should have drawn the connection between these materials and the respiratory problems she was experiencing, and should have investigated her complaints earlier so that they could have discovered the materials sooner. (See Opp. to Mot. at 20-22 (Docket No. 18).) However, as noted, constructive or imputed knowledge alone cannot support a claim under section 3602(b)(2). See Hughes Aircraft Co., 44 Cal. App. 4th at 1796 (citations omitted). Even if they could, these allegations are absent from the First Amended Complaint itself and thus could not preclude dismissal. (See FAC (Docket No. 5).)

The California Court of Appeal's decision in Palesteni, upon which plaintiff relies, suggests that a more relaxed standard may apply in cases "involv[ing] an alleged work-related cancer injury or other disease for which there is typically an extended latency period between exposure to a toxic substance in the work environment and the development of clinically diagnosable symptoms." Palesteni, 99 Cal. App. 4th at 96 n.14. In that case, the court determined that it was sufficient at the pleading stage to allege that defendants were aware that an employee's previously reported physical problems were caused by injury- or disease-inducing substances they knew were present at the workplace and that those problems were aggravated by

1 | continued exposure to these substances.  See id. at 97 (citing
2 | Foster, 40 Cal. 3d at 312).

3 |       Even if such allegations suffice, however, the First Amended Complaint still fails to state a claim under section 3602(b)(2) because it fails to even allege that defendants were aware that the substances allegedly on the premises had caused and were aggravating plaintiff's respiratory problems.  (See FAC (Docket No. 18).)  Although plaintiff's opposition states in passing that defendants "knew or should have known . . . the cause of Plaintiff's resp[ir]atory complaints and concealed the cause," (Opp. to Mot. at 22 (emphasis added) (Docket No. 18)), this allegation does not appear in the First Amended Complaint and thus cannot help it survive a motion to dismiss.  Further, because the First Amended Complaint indicates that plaintiff began experiencing "clinically diagnosable symptoms" as early as April 2012, (see FAC at ¶ 8 (Docket No. 5)), it is not clear that the injuries plaintiff alleges fall into the category described in Palesteni.

IV.  CONCLUSION

      Because plaintiff has requested to voluntarily dismiss three of her claims, and because all of her remaining claims other than fraudulent concealment are preempted by the Workers' Compensation Act, the court will grant defendants' motion as to the claims presented in counts one through eight and ten of the First Amended Complaint.  And because plaintiff's claim for fraudulent concealment, as currently pled, fails to state a claim for which relief can be granted under 3602(b)(2), the court will grant defendant's motion as to the claim in count nine of the

1  First Amended Complaint as well.
2          IT IS THEREFORE ORDERED that defendants' motion to
3  dismiss the First Amended Complaint in its entirety be, and the
4  same hereby is, GRANTED.[4]  Plaintiff is given twenty days from
5  the date of this Order to file a second amended complaint, if she
6  can do so consistent with this Order.
7  Dated:  November 8, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] Because the court concludes that defendants' motion must be granted for the reasons stated, the court does not reach defendants' arguments that plaintiff's claims are barred by statutes of limitations.  (See Mot. at 4-7 (Docket No. 14-1).)

12